UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Kelvin Mally,<br><br>*Defendant.* | **Protective Order**<br><br>**22 Cr. 29 (AKH)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

**Sensitive Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal case. Certain of that discovery may include material that affects the privacy and confidentiality of individuals. Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Sensitive" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Sensitive," shall be deemed "Sensitive Material."

**Attorney Possession Only Material.** Certain discovery materials in this case may raise a particular risk of identifying, or leading to the identification of, witnesses who may be subject to risk of harm absent protective considerations. Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Attorney Possession Only" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Attorney Possession Only," shall be deemed "Attorney

Possession Only Material." Any material designated as Attorney Possession Only Material shall also be deemed Sensitive Material.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Sensitive Material shall not be disclosed by the defendant or defense counsel, including any successor counsel (collectively, "the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Sensitive Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Sensitive Material to the media or any third party except as set forth below.

2. Sensitive Material may be disclosed by defense counsel and any successor counsel ("defense counsel") to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action;

(c) The defendant;

(d) Such other persons as hereafter may be authorized by the Court.

3. Except for Sensitive Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Sensitive Material, including the seized ESI Sensitive Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on

2

behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct.

4. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Sensitive Material. All such persons shall be subject to the terms of this Order. Defense counsel shall make reasonable efforts to maintain a record of what Sensitive Material has been disclosed to which such persons.

5. Attorney Possession Only Material may be disclosed by defense counsel to personnel for whose conduct counsel is responsible—that is, personnel employed by or retained by counsel, as needed for purposes of defending this action—and the contents of Attorney Possession Only Material may be shared with the defendant. Attorney Possession Only Material, however, shall be kept in the sole possession of defense counsel or personnel for whose conduct defense counsel is responsible; shall not be reviewed or maintained by the defendant outside the presence of defense counsel or personnel for whose conduct defense counsel is responsible; and shall not be copied or otherwise recorded by the defendant.

6. The Government may authorize, in writing, disclosure of Sensitive Material or Attorney Possession Only Material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any Sensitive Material or Attorney Possession Only Material in any hearing or trial held in this action, or to any judge or magistrate

judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. In the event of any dispute as to the Government's designation of particular discovery materials as Sensitive Material or Attorney Possession Only Material, the parties shall meet and confer, without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. If the defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of this Court. The Government shall bear the burden of establishing good cause for its Sensitive Material or Attorney Possession Only Material designation of the disputed materials. Absent a contrary order of this Court, the Government's designation of discovery materials as Sensitive Material or Attorney Possession Only Material shall be controlling

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____  Date: 3/2/2022
Patrick R. Moroney
Assistant United States Attorney

/s/ Christopher Flood
_____  Date: 03/08/2022
Christopher A. Flood, Esq.
Counsel for Kelvin Mally

SO ORDERED:

Dated: New York, New York
       March ___, 2022

_____
THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

5